MALLICK v. MIGUT

1. ATTORNEY AND CLIENT—DUTY—LOYALTY.
   An attorney has the duty of demonstrating professional skill and care and he must show loyalty to his client since he is in a position of the highest trust and confidence.

2. FRAUD—NECESSARY ELEMENT—INJURY.
   Injury to the plaintiff is a necessary element of actionable fraud.

3. FRAUD—INJURY—DISMISSAL AND NONSUIT.
   Fraud allegations were properly dismissed where plaintiff failed to prove injury.

4. SPECIFIC PERFORMANCE—LAND—DEEDS—QUIT-CLAIM.
   Refusal to grant specific performance of an addendum to a land purchase agreement was proper where the instrument was executed eight weeks after public sale of the land and the quit-claim deed given by plaintiff was unconditional on its face and made no mention of conditions as described in the addendum.

5. APPEAL AND ERROR—EQUITY—TRIAL COURT—FINDINGS OF FACT.
   The Court of Appeals hears appeals of equity cases *de novo*, but gives great weight to the findings of fact of the trial judge and does not reverse unless it finds from a reading of the entire record that it would have reached a different result.

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Attorneys at Law § 93.
[2, 3] 37 Am Jur 2d, Fraud and Deceit § 283 *et seq.*
[4] 49 Am Jur, Specific Performance § 392 *et seq.*
[5] 5 Am Jur 2d, Appeal and Error § 822.
[6] 20 Am Jur 2d, Costs § 72 *et seq.*

6. COSTS—ATTORNEY FEES.

> Declining to award reasonable attorney fees to defendants was not an abuse of discretion where there was evidence that defendants did not act in good faith.

Appeal from Wayne, James L. Ryan, J. Submitted Division 1 February 9, 1970, at Detroit. (Docket No. 6,114.) Decided February 25, 1970.

Complaint by Sophia Mallick against John Migut and Pauline D. Migut for fraud and to set aside a quit-claim deed and, alternatively, for specific performance of an agreement. Judgment for defendants. Plaintiff appeals. Defendants cross-appeal. Affirmed.

*Davidson, Gotshall, Halsey, Kohl, Nelson, Secrest & Wardle* (*Richard H. Scholl,* of counsel), for plaintiff.

*Schmier, Schmier & Dakmak* (*Garry I. Borin,* of counsel), for defendants.

Before: QUINN, P. J., and FITZGERALD and R. B. BURNS, JJ.

FITZGERALD, J. The record, depositions and trial transcript of this appeal show that plaintiff was granted a divorce from her husband and that the judgment provided that each was granted a one-half interest as tenants in common in the property involved in the instant litigation. Plaintiff lived on the property for about four years after the divorce.

There is also evidence that Mrs. Mallick spent eight weeks in Northville State Hospital as a voluntary patient because of a physical and mental breakdown. However, when she left the hospital, she

was told that she was well, but was cautioned by her doctors to avoid irritation.

In her deposition taken February 9, 1967, and at trial, plaintiff maintained that she wanted to gain title to the entire property involved in this dispute. She hired a succession of lawyers who seemed to be able to do little for her. Two offers of $35,500 to purchase the land were made by one John Nellis, but these offers were allegedly not accepted by plaintiff because she was prevented from doing so by her attorney. Mrs. Mallick testified that her attorney was instructed to purchase the land for her.

Pursuant to a partition suit instituted by Michael Mallick, the divorced husband, a public sale was held on November 29, 1960. The facts surrounding the sale are involved, but suffice it to say, the highest bid, $30,000, was tendered by plaintiff's attorney. Under the terms of the sale, cash payment was required within 48 hours. The attorney had been given no money by Mrs. Mallick and apparently had none of his own. Defendant John Migut testified in his deposition taken January 31, 1967, that he was approached by Mrs. Mallick's attorney and was convinced that both of them could make money if Migut purchased the land.

Subsequent to the public sale, plaintiff signed over her interest in the said land to defendant because of the alleged threat of her attorney that she would lose money otherwise.

Plaintiff sought to set aside a quit-claim deed which she executed to defendants and, in the alternative she sought specific performance of an agreement executed by John Migut to pay plaintiff an additional consideration for the property. The trial court ruled in favor of defendants on both counts but refused, however, to grant defendants extraor-

dinary costs and attorney fees. Defendants have cross-appealed from that portion of the order.

Plaintiff argues that, since this is an equitable matter, this Court, utilizing its *de novo* review powers, may set aside any injustice done below, specifically claiming that the action was against the great weight of evidence. Defendants argue that they made no misrepresentations in acquiring the property, thus the sale should be permitted to stand.

The trial court's opinion stated that, "There is other evidence that he [defendant Migut] was not scrupulously interested in the legal refinements of * * * [the attorney's] authority." The court commented on the evidence of plaintiff's emotional instability and physical illness; yet, in spite of these factors, did not grant plaintiff equitable relief.

Defendant argues that it is irrelevant that the attorney may have acted in bad faith for there was no evidence that Mrs. Mallick could have paid for the land and that the purchase price of $31,000 was a greater amount than would have been received at the public sale.

There is little doubt that an attorney has the duty of demonstrating professional skill and care and he must show loyalty to his client, since he is in a position of the highest trust and confidence. See *Kukla* v. *Perry* (1960), 361 Mich 311; *Rippey* v. *Wilson* (1937), 280 Mich 233, and *McIntosh* v. *Fixel* (1941), 297 Mich 331. As defendants aptly point out, however, this is an action against third-party purchasers and not against plaintiff's attorney.

Plaintiff herself asks the next logical question: Did defendant John Migut in any way partake in a wrongdoing by the attorney? It is apparent that participation in wrongdoing is not enough. Unless there is some indication that plaintiff suffered injury, she cannot recover. See *Smith* v. *Taber* (1961),

362 Mich 619, which recites the basic proposition that a necessary element of actionable fraud is injury to the plaintiff.

A review of the record indicates that the only possible injury to Mrs. Mallick was that she lost the land. The sale of the land was ordered by the court. It is purely speculative to assume that she could have raised the money to bid at the sale when, in fact, she had failed to buy the land for years. There was mention made of an offer to purchase of $38,000. However, no evidence was adduced to prove the validity of the offer. We cannot say that the trial court acted against the great weight of evidence in dismissing plaintiff's fraud allegations.

The second question on appeal is whether the findings of the lower court were against the great weight of evidence in granting defendant a motion to dismiss on plaintiff's allegations of an addendum to which she was entitled to specific performance.

At trial, plaintiff produced an addendum to the original purchase agreement between her attorney and Migut which reads:

"Additional Clause, Mallick—Migut Purchase Agreement as of November 29, 1960. The purchaser, John Migut, agrees to pay as further consideration for the purchase of the Mallick Hicks Road property one-half the sale price of the home and land over and above $25,000 costs and expenses of sale (after sand removal from approximately 15 acres to grade in accordance with all governmental requirements).

"The sale of the house and land may be made subject to purchaser's sand removal rights to grade.

"It is agreed that sale shall be made as promptly as possible.

"Dated: November 29, 1960."

/s/
/s/

The court refused to grant specific performance of this agreement. Testimony supports this decision. Mr. Migut testified that this instrument was executed about eight weeks after the public sale to help the attorney who was involved in a complaint with the bar association and later cleared. The quitclaim deed given by Mrs. Mallick was unconditional on its face and made no mention of conditions as described in the addendum. The trial court is affirmed. As stated in *Star Realty, Inc.,* v. *Bower* (1969), 17 Mich App 248, the Court of Appeals hears appeals of equity cases *de novo,* but gives great weight to the findings of fact of the trial judge and does not reverse unless it finds from a reading of the entire record that it would have reached a different result and that is not the situation here.

On defendants' cross appeal, they cite GCR 1963, 111.6, and *Fredal* v. *Forster* (1967), 9 Mich App 215, which authorizes the granting of reasonable attorney fees if the allegations made were unreasonable. The wording of rule 111.6 is that "the court may * * * " assess reasonable attorney fees. Under the circumstances of the case at bar, where there is evidence that defendants did not act in good faith, it was not an abuse of discretion to not award reasonable attorney fees.

Affirmed. Costs to appellees.

All concurred.